**IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF PUERTO RICO**

GLORIA RODRIGUEZ-VILANOVA,

    **Plaintiff,**

               **v.**                    **Civil No.** 11-1153 (FAB)

STRYKER CORPORATION,

    **Defendant.**

## MEMORANDUM & ORDER

BESOSA, District Judge.

Before the Court is plaintiff Gloria Rodriguez Vilanova's ("Rodriguez") motion pursuant to 28 U.S.C. § 455(a) requesting that I disqualify myself from this case, (Docket No. 34), and defendant's opposition, (Docket No. 39). For the reasons stated below, the Court **DENIES** plaintiff's motion.

### I.  Factual Background

On December 5, 2013, plaintiff and plaintiff's counsel discovered that my son, Francisco Besosa Martinez ("Besosa"), works as an associate with one of the law firms representing the defendant in this case, Schuster & Aguilo LLP. (Docket No. 34-1.) It was further discovered that Besosa assists Lourdes Hernandez ("Hernandez"), one of the capital partners of the firm and attorney of record in this case, in a case not before this Court but before the Anti-Discrimination Unit of the Puerto Rico Department of Labor (Docket Nos. 34-2, 34-3). There is no specific allegation that

Civil No. 11-1153 (FAB)                                              2

Besosa is assisting Hernandez in this litigation.[1]  Plaintiff moved for my disqualification from the case two days after the defendant filed a motion for summary judgment.  (See Docket No. 29.)

Plaintiff contends that by virtue of Besosa's position at the law firm, there is no way to know if Besosa has participated in any way in this case and it is reasonable to conclude that Hernandez evaluates Besosa's performance, which in turn possibly affects any compensation or salary increase.  (Docket No. 34 at ¶ 3.)  These reasons, plaintiff argues, warrant my disqualification because my impartiality might reasonably be questioned pursuant to section 455(a).  As can be seen from the analysis below, these reasons are simply not sufficient to disqualify me.

**II.  Disqualification Pursuant to 28 U.S.C. § 455(a)**

Section 455(a) states:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  This statute requires recusal if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.  Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 860-1 (1988).  This section implicates competing policy interests.  On the one hand, "courts must not only be, but must seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998) (citing In re

---

[1] I have disqualified myself in all cases in which my son appears as counsel of record or as a party.  See Misc. No. 06-232 (FAB), "Amended Permanent Order of Disqualification."

Civil No. 11-1153 (FAB)                                                3

United States, 666 F.2d 690, 694 (1st Cir. 1981)).  "On the other hand, recusal on demand would put too large a club in the hands of litigants and lawyers, enabling them to veto the assignment of judges for no good reason."  Id.  Section 455(a) determinations "inevitably turn[] on the facts," and thus, "[c]omparison . . . is an inexact construct" in this context.  Id. at 28, 31 (internal citation omitted).  The First Circuit Court of Appeals has expressed that close questions should be resolved in favor of disqualification.  Id. at 30.

    As plaintiff points out, section 455(a)'s legislative history indicates Congress amended it with in order to shift the balance from one imposing on judges a "duty to sit" to one that resolves close question in favor of disqualification.  See H.R. Rep. No. 93-1453, at 6355 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6351, 6355.  This legislative history also indicates, however, that Congress did not intend for the provision to be used by "those who would question [the judge's] impartiality . . . seeking to avoid the consequences of [the judge's] expected adverse decision."  Id.  Rather, "[n]othing in this proposed legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a 'reasonable fear' that the judge will not be impartial."  Id.  Litigants are "not entitled to judges of their own choice."  Id.  As the Seventh Circuit subsequently noted,

> A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear

Civil No. 11-1153 (FAB)                                              4

> may be that the judge will *apply* rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary.

In re Mason, 916 F.2d 384, 386 (7th Cir. 1990) (emphasis in original).

### III. Analysis

Though the inquiry before the Court is a fact-specific one, the Court considers the two cases offered by plaintiff as instructive. First, plaintiff points to a Fifth Circuit Court of Appeals case affirming the district judge's decision not to recuse himself when his son was an associate at a law firm participating in the litigation. United States ex rel Weinberger v. Equifax, Inc., 557 F.2d 456, 463 (5th Cir. 1977).[2] Plaintiff offers this case for the proposition that my relationship with an associate at a participating law firm should be considered for the purposes of section 455(a) analysis. The Court agrees. The Court also finds instructive the Fifth Circuit's reasoning underlying its finding that section 455(b) did not require recusal.[3] That court found that section 455(b) did not apply to the scenario because (1) the judge's son was not "acting as a lawyer in the proceeding" as prohibited by section 455(b)(5)(iii); and (2) due to the son's

---

[2] As plaintiff's motion points out, the First Circuit Court of Appeals has not specifically addressed this factual scenario.

[3] The plaintiff does not move for disqualification pursuant to the mandatory provisions of section 455(b). Nevertheless, the Court visits the reasoning on this point as it is instructive for the disqualification determination in this case.

Civil No. 11-1153 (FAB)                                                  5

status as an associate, rather than a partner in the firm, his salary interests were too remote to fall under the "financial interest" prohibition of section 455(b)(4). Id. at 463. The court of appeals noted that although these matters did not require disqualification pursuant to section 455(b), they warranted consideration pursuant to section 455(a) standards. Id. at 464. The court found no error in the district court's decision that the judge's impartiality could not reasonably be questioned. Id. Many other courts to consider this issue have found no need for recusal pursuant to section 455(a) where a judge's relative is an associate at a law firm participating in the litigation. See, e.g., Sensley v. Albritton, 385 F.3d 591, 600 (5th Cir. 2004) (rejecting plaintiff's contention that "when an immediate family member is an at-will employee in the office representing a party, the impartiality of the judge is called into question); Bartholomew v. Stassi-Lampman, 95 F.3d 1156, at *2 (9th Cir. 1996) (finding no need for recusal where the judge's daughter was an associate with law firm representing a party as long as daughter did not participate actively in the case); Oriental Fin. Grp., Inc. v. Fed. Ins. Co., 450 F. Supp. 2d 169, 171 (D.P.R. 2006) (Gelpi, J.) (citing advisory opinions of the Judicial Conference Committee on Codes of Judicial Conduct for the proposition that a judge is not required to recuse himself where his son is an associate in a law firm that is counsel of record for a party); United States v. Edwards, 39 F. Supp. 2d 692, 714-15 (M.D. La. 1999)(collecting

Civil No. 11-1153 (FAB)                                                        6

caselaw and citing Judicial Conference Committee advisory opinions).

Plaintiff next points to as persuasive a Seventh Circuit Court of Appeals case finding that the district judge should have recused himself upon motion where the judge's brother was a senior partner at a law firm representing one of the parties in the litigation. SCA Serv., Inc. v. Morgan, 557 F.2d 110 (7th Cir. 1977).  There, the court of appeals found that disqualification was warranted pursuant to both section 455(a) and (b), and did not clarify whether one ground would be independently sufficient. Id. at 116. The appellate court's section 455(a) analysis necessarily took into account its findings pursuant to its 455(b) analysis. The court of appeals based its holding in part on a finding that the judge's brother, as a senior partner at the participating law firm, had pecuniary and non-pecuniary interests that could be "substantially affected by the outcome of the proceeding" in violation of section 455(b)(4).  Id. at 115.  Additionally, in its section 455(a) analysis, the court of appeals noted allegations that the judge communicated privately with his brother regarding the issue, creating an "impression of private consultation and appearance of partiality which does not reassure a public already skeptical of lawyers and the legal system." Id. at 116. This consideration further confirmed the court's conclusion that disqualification was warranted. Id.

Civil No. 11-1153 (FAB)                                                7

Informed by the reasoning of other courts on this issue, the Court finds that this is not even a close case and that my impartiality can not reasonably questioned based on the circumstances raised.  Unlike in Morgan, the Court is not presented with any argument or allegation that would require disqualification pursuant to section 455(a):  Besosa is not a partner at a participating law firm; he is not alleged to be actively participating in this litigation; there are no allegations that Besosa has privately communicated with me regarding this case.  What has been alleged is that Besosa, like the judge's son in Weinberger, works as an associate at a law firm participating in the litigation.  This, without more, does not call into question my impartiality and accordingly does not warrant my disqualification.  The Court further notes that plaintiff's motion for disqualification was filed just two days after the defendant moved for summary judgment, almost three years into this litigation.  Because there is no objective basis to question my impartiality in this case, disqualification here would merely provide plaintiff with "recusal on demand," in contravention of the spirit of section 455.  See In re United States, 158 F.3d at 30.

**IV.  Conclusion**

The Court takes very seriously plaintiff's contentions regarding my duty to disqualify myself from this case.  The Court also believes, however, that "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to

Civil No. 11-1153 (FAB)                                                8

not sit where disqualified." Sensley v. Albritton, 385 F.3d at 598-8.  For the reasons stated above, the Court finds that my impartiality cannot reasonably be questioned in this case. Plaintiff's motion is accordingly **DENIED**.

**Plaintiff's opposition to the motion for summary judgment remains due on December 27, 2013.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 17, 2013.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE